acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FAITH LEHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 05-2489-JAR-JPO |
| MID AMERICA AVIATION ) | |
| SERVICES, INC., ) | |
| DW ENTERPRISES, L.C., ) | |
| SHANNON CURRAN d/b/a ) | |
| FLIGHT MANAGEMENT GROUP, ) | |
| and FLINT HILLS FOOD, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER GRANTING IN PART
## AND DENYING IN PART DEFENDANT CURRAN'S
## MOTION TO DISMISS

The Court now considers defendant Shannon Curran's Motion to Dismiss (Doc. 7). Plaintiff brings this action alleging sexual harassment claims under Title VII and various claims under Kansas state law. The motion is fully briefed, and the Court is now prepared to rule.

**I.    Factual Basis**

Plaintiff alleges in her Complaint that she completed a written application for employment to Mid America Aviation, Inc. on July 19, 2004, for the position of Administrative Assistant.[1] On this same day, plaintiff was interviewed and hired for the position of

---

[1] Plaintiff now "controverts" this statement in her response to the motion to dismiss by claiming that "Defendant Shannon Curran told plaintiff that she would be on Mid-America Aviation's payroll because it was trying to buy his company out." (Doc. 12 at 1.) But plaintiff has not sought leave to amend her Complaint. The Court cannot accept the allegations made in her response. Instead, the Court will accept as true the factual

Administrative Assistant by defendant Shannon Curran, President of Flight Management Group. During the course of plaintiff's employment, she received her paychecks from Mid America Aviation, Inc. Plaintiff's supervisor was defendant Curran. During the course of her employment, defendant Curran told plaintiff to answer the office telephone and represent the business as D.W. Enterprises. Plaintiff quit her employment on August 17, 2004.

Plaintiff alleges that during the course of her employment, defendant Curran subjected her to sexual harassment, "including specifically, verbal communication of a sexual nature, sexual advances, requests that she participate in non-business functions outside business hours with her supervisor, an invitation to travel with her supervisor to a conference unrelated to her job duties, threats to her employment should she not avail herself of the 'opportunities' being made available to her, promises of financial reward if she fulfilled explicitly stated sexual fantasies of her supervisor, a statement implying she had not been hired because of her job-related skills/abilities, and expectations that she work extremely late hours in isolated locations with only her male supervisor present."[2] She further alleges that the harassment included "unwanted sexual statements, unwanted touching, requests for plaintiff to perform acts of a sexual nature with accompanying promises of monetary compensation for plaintiff's agreement to engage in such acts, expectations that duties inconsistent with those of an Administrative Assistant be performed at late night hours, statements acknowledging that plaintiff was not hired for her skills or abilities related to her job title or duties, and finally, an offer from defendant Mr. Curran to plaintiff Faith Lehman, that plaintiff would be provided a good reference for another

---

allegations in her Complaint. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[2](Doc. 1 at 3.)

2

job in exchange for her silence related to all aforementioned occurrences."[3]  Plaintiff alleges that she complained directly to her supervisor, defendant Curran, about the sexual harassment but she was not provided with information about any other person to whom she could address her complaints of sexual harassment.  Plaintiff contends that defendant Curran told plaintiff he was the president of Flight Management Group, an agent and representative of defendants Mid American Aviation, Inc., D.W. Enterprises, L.C., and Flint Hills Foods, L.L.C.

Plaintiff brings this action against Mid American Aviation, Inc., D.W. Enterprises, L.C., Shannon Curran, and Flint Hills Foods, L.L.C. asserting four claims: (1) hostile work environment sexual harassment under Title VII;[4] (2) quid pro quo sexual harassment under Title VII;[5] (3) intentional infliction of emotional harm under Kansas state law; and (4) negligent infliction of emotional harm under Kansas state law.  Defendant Curran now moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.     Rule 12(b)(6) Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[6]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[7]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief

---

[3](Doc. 1 at 4.)

[4]42 U.S.C. § 2000e–2000e17.

[5]*Id.*

[6]Fed. R. Civ. P. 12(b)(6).

[7]*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

even if everything alleged in the complaint is true."[8]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[9] The Court construes the allegations in the light most favorable to the plaintiff.[10] These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[11] "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[12] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[13]

Plaintiff has attached two exhibits to her response to defendant Curran's motion. The first exhibit is a transcript of plaintiff's deposition testimony, and the second exhibit is a separate Answer filed in this case by James L. Bolden (Doc. 9). It is well established that "[a] motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the

---

[8]*Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[9]*Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[10]*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[11]*Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[12]*Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[13]*Id.*

4

pleadings."[14]  Courts have broad discretion in determining whether or not to accept materials beyond the pleadings.[15]  Reversible error may occur, however, if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.[16]  Therefore, the Court refuses to consider these attached exhibits in analyzing defendant Curran's motion to dismiss.  The Court will instead reference only plaintiff's Complaint.

### III. Analysis

Defendant Curran moves for dismissal arguing that: (1) plaintiff's sexual harassment claims fail to state a claim because defendant Curran was not plaintiff's employer and, therefore, is not a proper defendant for claims under Title VII; (2) plaintiff's claim for intentional infliction of emotional distress fails to state a claim because Kansas courts have declined to extend this tort to claims of employment discrimination and sexual harassment; and (3) plaintiff's negligent infliction of emotional distress claim fails because plaintiff has not alleged physical injury as required under Kansas law.

#### A. Title VII Sexual Harassment Claims

In her first and second claims, plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964.  Title VII prohibits any employer from discriminating on the basis of sex.[17]

---

[14] Fed. R. Civ. P. 12(b)(6).

[15] 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1366 (2d ed. 1990).

[16] *Janke v. Price*, 43 F.3d 1390, 1392 (10th Cir. 1994) (holding that magistrate judge erred under Fed. R. Civ. P. 12(b)(6) standard when the court considered the merits of the complaint and the facts from a *Martinez* hearing in determining whether [plaintiff] stated a claim for relief"); *see also Lowe v. Town of Fairland,* 143 F.3d 1378, 1381 (10th Cir. 1998) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

[17] 42 U.S.C. § 2000e-2(a)(1).

Defendant Curran argues that plaintiff has failed to state a claim for relief under Title VII because plaintiff's Complaint identifies defendant Curran only as her supervisor, rather than her employer. The Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title VII."[18] "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act."[19] To the extent plaintiff is attempting to sue defendant Curran in his individual capacity, her claim fails because such a suit is inappropriate under Title VII.

To the extent plaintiff is attempting to sue defendant Curran in his official capacity as her employer, she has also failed to state a claim. Title VII defines "employer" as a person engaged in an industry affecting commerce with fifteen or more employees.[20] The Supreme Court has recently determined that this threshold requirement for application of Title VII is an element of plaintiff's claim for relief.[21] Here, plaintiff has not alleged in her Complaint that defendant Curran was an "employer" within the meaning of Title VII. In fact, she does not even allege that defendant Curran was her employer, rather than her supervisor. Therefore, she has failed to state a claim for relief under Title VII.

Plaintiff contends in her response that she "did not know and still does not know who her real employer was at the requisite times."[22] Plaintiff states that she does not have the information to determine who her employer was because discovery has not commenced, but plaintiff requests

---

[18] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

[19] *Id.* at 899.

[20] 42 U.S.C. § 2000e(b).

[21] *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006).

[22] (Doc. 1 at 4.)

leave to amend her Complaint to allege that each defendant held itself out as her employer or that she believes that one or all of the defendants has fifteen or more employees.  Plaintiff has not amended her Complaint to allege such facts, and in order to do so, she must file a motion to amend setting forth a concise statement of the amendment or with the proposed pleading attached.[23]  Therefore, because at this time plaintiff has failed to state a claim, the Court must grant defendant Curran's motion to dismiss plaintiff's Title VII claims.  However, the Court will dismiss plaintiff's Title VII claims without prejudice, allowing plaintiff the opportunity to cure her pleading deficiencies by filing a motion to amend her Complaint.

### B. Intentional Infliction of Emotional Distress

Under Kansas law, a claim for intentional infliction of emotional distress requires: "(1) the conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe."[24]  In this case, plaintiff has alleged that defendant Curran intentionally harassed plaintiff with "extreme and outrageous conduct of a sexual nature" which caused plaintiff to suffer psychological and emotional distress.[25]  Therefore, the allegations in plaintiff's Complaint are sufficient to state a claim for this tort.

Defendant Curran correctly asserts that Kansas courts have been reluctant to extend

---

[23] D. Kan. R. 15.1.

[24] *Roberts v. Saylor*, 637 P.2d 1175, 1179 (Kan. 1981).

[25] (Doc. 1 at 6–7.)

intentional infliction of emotional distress claims to discrimination and harassment cases.[26] However, some courts have allowed such a claim when the plaintiff showed sufficient evidence of extreme and outrageous conduct to survive a summary judgment motion.[27] Since this case is at the motion to dismiss stage, the Court declines to dismiss this claim at such an early stage in the proceeding when the Court has not been presented with facts outside of the Complaint to determine whether plaintiff's allegations rise to the level of a claim for intentional infliction of emotional distress under Kansas law.

### C. Negligent Infliction of Emotional Distress

Defendant contends that plaintiff's claim for negligent infliction of emotional distress must be dismissed because she has failed to allege that she suffered physical injury. Under Kansas law, "there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the plaintiff."[28] Plaintiff concedes in her response that Kansas law requires physical injury to recover under a claim of negligent infliction of emotional distress and that plaintiff has had no physical injury as the result of defendants' actions. Therefore, the Court dismisses this claim.

### IV. Conclusion

The Court grants in part and denies in part defendant Curran's motion to dismiss. The

---

[26] *See, e.g.*, *Bolden v. PRC, Inc.*, 43 F.3d 545, 554 (10th Cir. 1994), *cert. denied*, 516 U.S. 826 (1995); *Lawyer v. Eck & Eck Mach. Co.*, 197 F. Supp. 2d 1267, 1276 (D. Kan. 2002); *Beam v. Concord Hospitality, Inc.*, 873 F. Supp. 491, 501 (D. Kan. 1994).

[27] *See, e.g.*, *Ratts v. Bd. of County Comm'rs of Harvey County, Kan.*, 141 F. Supp. 2d 1289, 1322 (D. Kan. 2001); *Land v. Midwest Office Tech., Inc.*, 114 F. Supp. 2d 1121, 1144–45 (D. Kan. 2000); *Laughinghouse v. Risser*, 754 F. Supp. 836, 834–44 (D. Kan. 1990); *Gomez v. Hug*, 645 P.2d 916, 922 (Kan. Ct. App. 1982).

[28] *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983).

Court finds that plaintiff has failed to state a claim for relief under Title VII, but dismisses this claim without prejudice.  Additionally, the Court dismisses plaintiff's claim for negligent infliction of emotional distress under Kansas law for failure to state a claim.  But because plaintiff has sufficiently alleged a claim for intentional infliction of emotional distress under Kansas law, this claim remains against defendant Curran.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Curran's Motion to Dismiss (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 26th day of June 2006.

 S/ Julie A. Robinson

**Julie A. Robinson**
**United States District Judge**