IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FAITH LEHMAN,                                )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )    Case No. 05-2489-JAR
                                             )
MID AMERICA AVIATION SERVICES,               )
INC., et al.,                                )
                                             )
                    Defendants.              )

## STATUS CONFERENCE ORDER

On October 25, 2006, the undersigned U.S. Magistrate Judge, James P. O'Hara,

conducted a telephone status conference.  The conference was convened in response to a

letter dated October 23, 2006 sent to the undersigned by James L. Wisler, attorney of record

for the plaintiff, Faith Lehman.  Plaintiff appeared at the status conference through Mr.

Wisler. Defendant Mid America Aviation Services, Inc. ("Mid America") appeared through

its attorney of record, E. Bernard Hurd.   Defendant Shannon Curran, d/b/a Flight

Management Group ("Curran"), appeared through its attorney of record, David R. Cooper.

Defendants Flint Hills Foods, L.L.C. ("Flint Hills") and DW Enterprises, L.C. ("DW

Enterprises") appeared through their attorney of record, Brenda L. Head.

The procedural history of this employment discrimination case is convoluted.

However, a summary of that history is necessary to fully understand the rulings made during

the status conference.

O:\ORDERS\05-2489-JAR-stat.wpd

On November 21, 2005, plaintiff filed her complaint alleging sexual harassment claims under Title VII and various claims under Kansas state law (doc. 1).  In the ensuing weeks, Flint Hills, Curran, and Mid America[1] each filed their respective answers (docs. 2, 6, and 9).[2]

On March 22, 2006, the court issued a notice and order to plaintiff and Mr. Wisler to show cause why the claims against DW Enterprises should not be dismissed, because the record did not reflect that service of summons or the complaint had been accomplished on said defendant (doc. 14).  Mr. Wisler timely responded to the show cause order on April 3, 2006, claiming that he actually had served DW Enterprises on December 13, 2005 by serving

---

[1] On March 22, 2006, the court issued a notice and order to Mid America, noting that although an answer had been filed by Mid America's registered agent, the corporation legally could only be represented by a lawyer (doc. 15).  The court directed Mid America to show cause why its answer should not be stricken and why default judgment should not be entered for failing to timely file a proper answer to plaintiff's complaint.  On April 3, 2006, Mr. Hurd filed his entry of appearance on Mid America's behalf (doc. 18), responded to the show cause order (doc. 19), and filed an amended answer (doc. 26).

[2] Curran also filed a motion to dismiss along with his answer (doc. 7), to which plaintiff responded (doc. 12), and Curran replied (doc. 13).  On June 26, 2006, the presiding U.S. District Judge, Hon. Julie A. Robinson, issued a memorandum and order in which she granted in part and denied in part Curran's motion to dismiss (doc. 38).  That is, Judge Robinson found that plaintiff had failed to state a claim against Curran under Title VII, but dismissed this claim without prejudice, allowing plaintiff the opportunity to cure her deficiencies by filing a motion to amend her complaint.  Additionally, Judge Robinson dismissed plaintiff's claim for *negligent* infliction of emotional distress under Kansas law for failure to state a claim upon which relief could be granted.  But, because plaintiff had sufficiently alleged a claim for *intentional* infliction of emotional distress under Kansas law, Judge Robinson allowed this claim to remain against Curran.  Notwithstanding the fact that Judge Robinson allowed plaintiff to file a motion to amend with regard to the Title VII claim against Curran, notably no such motion was ever filed by Mr. Wisler on plaintiff's behalf.  Of course, the deadline for filing such motion now has passed.

its resident agent, Donelyn D. Hansen, but inadvertently had forgotten to file the return of service with the court (doc. 25).  Mr. Wisler filed the return of service with regard to DW Enterprises on April 3, 2006 (doc. 25, Exhibit A).[3]

On May 9, 2006, Flint Hills (not DW Enterprises) filed a motion to strike the return of service on DW Enterprises (doc. 27).  No timely opposition to the motion was filed by Mr. Wisler on plaintiff's behalf, even though he asked for and obtained an extension to respond to the motion (*see* docs. 29 and 30).  On June 5, 2006, the court granted the motion to strike as unopposed (doc. 33).

On June 6, 2006, Mr. Wisler filed a motion to reconsider the court's order of June 5, 2006, claiming that he had the response prepared for timely filing, but his legal assistant inadvertently forgot to electronically file said response (doc. 34).  The court expedited the time for filing the response and reply briefs with regard to the motion for reconsideration (doc. 35).  Flint Hills timely filed its response (doc. 36).  Plaintiff did not file any reply brief. On June 28, 2006, the court issued an order and, despite finding that plaintiff had not met her burden to prove that reconsideration was warranted, the court granted plaintiff leave to file a response to the motion to strike out of time (doc. 39).  Plaintiff then filed a response to the Flint Hills' motion to strike (doc. 40), and Flint Hills replied (doc. 44).

On July 5, 2006, the undersigned magistrate judge conducted a scheduling conference. After consultation with the parties' attorneys, a scheduling order was filed that set a

---

[3] The record reflects that plaintiff did not file any returns of service as to any of the defendants until April 3, 2006 (*see* docs. 21, 22, and 23).

November 6, 2006-deadline for completion of discovery, a December 1, 2006 final pretrial

conference, and a January 5, 2007 deadline for filing dispositive motions (doc. 43).  The

court record indicates that, after the entry of the scheduling order on July 5, 2006, through

the date of the status conference on October 25, 2006, plaintiff did not affirmatively pursue

any discovery.

On July 10, 2006, the court denied Flint Hills' above-described motion to strike and

granted plaintiff an extension to July 14, 2006 to serve process on DW Enterprises (doc. 45).

Service of process was effectuated on July 21, 2006 (*see* doc. 52).  DW Enterprises filed its

answer on August 3, 2006 (doc. 56).

On July 14, 2006, Curran served Mr. Wisler with interrogatories and requests for

production to be responded to by plaintiff.  Timely responses to the discovery requests were

not served.  Nor did Mr. Wisler file any motion for an extension of time to respond to the

discovery.

On August 18, 2006, DW Enterprises and Flint Hills, and Mid America, too, filed

separate motions to dismiss (docs. 60 and 63, respectively).  Under D. Kan. Rule 6.1(d)(2),

briefs in opposition to these motions were due to be filed by September 11, 2006.  But, these

motions stood unopposed as of the status conference on October 25, 2006.[4]

---

[4] During the October 25, 2006 status conference, Mr. Wisler admitted to receiving
both motions.  However, supposedly his failure to timely file briefs in opposition was due
to his office staff's failure to calendar the deadlines.  Mr. Wisler orally moved to file
plaintiff's responses out of time.  Since this excuse is essentially the same as Mr. Wisler gave
for not timely responding to the court's show cause order dated June 5, 2006, the undersigned
denied the motion but instructed that plaintiff could file a formal motion for ruling by Judge

On September 25, 2006, Curran filed a motion to compel plaintiff to answer his above-described discovery requests, and for an award of fees and sanctions incurred as the result of plaintiff's failure to respond (doc. 66).  Once again, no timely opposition to the motion was filed by Mr. Wisler on plaintiff's behalf.  Accordingly, on October 11, 2006, the court issued an order granting Curran's motion to compel as unopposed (doc. 73).  Plaintiff was ordered to respond to Curran's interrogatories and requests for production of documents by October 23, 2006.  As to the request for sanctions and expenses, Curran was directed to file an affidavit which included the time and related expenses incurred by his counsel in filing the motion by October 19, 2006.  Plaintiff was also directed to show cause by October 23, 2006, why the requested sanctions and related expenses should not be assessed against her for failure to respond to Curran's discovery requests as well as Curran's motion to compel.

On October 19, 2006, Curran timely filed the affidavit of his counsel (Mr. Cooper), detailing the time and related expenses incurred in the filing of the motion to compel (doc. 74).  On October 23, 2006, instead of filing any pleading with the court (as called for by the order dated October 11, 2006), Mr. Wisler sent a letter to the undersigned magistrate judge, by facsimile, with copies to defense counsel.[5]  In his letter, Mr. Wisler stated that he had been

_____

Robinson, provided that Mr. Wisler truly believes that he could demonstrate good cause and excusable neglect.

[5] A copy of Mr. Wisler's letter to the undersigned magistrate judge is attached to this order as Exhibit A.

trying to reach plaintiff, who evidently now resides in Mesa, Arizona, for several months

regarding her responses to Curran's discovery requests.  Mr. Wisler claimed that, on October

17, 2006, he finally reached plaintiff by telephone and that she informed him that she is

suffering from numerous medical conditions, i.e., endometriosis, damaged kidney, and a

herniated disc.  Mr. Wisler claimed he discussed the possibility of plaintiff coming to Kansas

for her noticed deposition on November 1, 2006 (*see* doc. 67), but plaintiff informed him that

she could not travel because of her medical problems.  Mr. Wisler asked plaintiff to send a

report from her doctor, to which she agreed.

On October 20, 2006, Mr. Wisler received a report by facsimile from Keturah Volpe,

a registered nurse at the Mission Family Medical Center, in Mesa, Arizona, where plaintiff

is a patient.[6]  Ms. Volpe provided a detailed description of plaintiff's various medical

conditions and procedures for the past year.  Ms. Volpe opined that plaintiff is "unable to

deal with legal issues due to the amount of narcotics she is taking," and that plaintiff will not

be able to travel within the next 60-90 days due to her medical conditions.

Due to plaintiff's condition, Mr. Wisler requested in his letter that the court defer

ruling on Curran's request for fees and expenses, and further requested all deadlines in the

case be extended for at least 90 days.  As earlier indicated, it was this letter that prompted the

court to convene the status conference on October 25, 2006.

---

[6] Ms. Volpe's report is attached to Mr. Wisler's letter.

After consultation with counsel on the record during the status conference, the court now enters the following order:

a.      At least for present purposes, the court will take at face value the unverified statements of nurse Volpe with regard to plaintiff's current medical condition. Therefore, even though no formal motion has been filed, the court grants plaintiff an extension to **January 31, 2007** to comply with the court's order of October 11, 2006 (doc. 73), that is, to provide full and complete responses to Curran's interrogatories and requests for production of documents.

b.      Plaintiff also is granted  an extension to **January 31, 2007** to file a formal response explaining why she and/or Mr. Wisler should not be required to pay the fees and expenses, totaling $433.00, set forth in Mr. Cooper's affidavit (doc. 74).

c.      As to the medical and tax authorizations served on plaintiff on September 28, 2006 by counsel for Flint Hills Foods and DW Enterprises (*see* doc. 69), if plaintiff is currently able, she is strongly encouraged to execute the authorizations and return them to defense counsel (Ms. Head). Otherwise, plaintiff shall have until **January 31, 2007** to execute and return the authorizations to defense counsel.  The deadline for filing any motion to compel regarding these authorizations will be extended 30 days thereafter.

d.      During the status conference, Mr. Wisler stated that, despite plaintiff's unavailability, he was prepared to depose defendants prior to the existing November 6, 2006-discovery deadline.  The court, however, barred these depositions at this time.  Although there is no absolute right to priority as to the taking of depositions in federal civil litigation,

given the unusual circumstances of this case, specifically, the <u>very</u> sloppy manner in which this case has been handled by plaintiff and Mr. Wisler, the court finds that it would be manifestly unfair to defendants to make them appear for depositions at this juncture. Moreover, Mr. Wisler admitted that, despite the court's published guidelines concerning depositions, prior to the status conference there had been <u>no</u> discussions among counsel as to the scheduling of <u>any</u> of defendants' depositions.

e.     With respect to the pending motions to dismiss, as previously stated, the undersigned magistrate judge denied plaintiff's oral motion for leave to file her responses out of time.  If plaintiff chooses, she may file a formal motion which will be ruled by Judge Robinson.

f.     Given the current posture of this case, the undersigned determines that, consistent with the basic mandate of Fed. R. Civ. P. 1, it is most appropriate to stay all discovery (except as noted above, or as agreed to by <u>all</u> parties).  Further, the undersigned vacates the December 1, 2006 pretrial conference setting and the January 5, 2007 dispositive motion deadline.  And, with the approval of Judge Robinson, the September 18, 2007 trial setting in this case is vacated, to be reset, if necessary, at a later date.

g.     A telephone status conference is scheduled with the undersigned magistrate judge on **February 1, 2007, at 1:30 p.m.**  By **January 25, 2007**, the parties' attorneys shall confer and then submit, via e-mail to the undersigned's chambers, an updated planning conference report pursuant to Fed. R. Civ. P. 26(f).

h.      Absent a motion being filed by plaintiff at least one full month before the February 1, 2007-status conference, the court presently does not contemplate plaintiff being allowed to pursue <u>any</u> "written" discovery, as the time allowed for such discovery already had expired when the October 25, 2006 status conference was held.  At the February 1, 2007 status conference, the court will determine whether to allow plaintiff to take depositions of defendants or other witnesses.

i.      It is anticipated that plaintiff will respond to the outstanding discovery requests by January 31, 2007.  Thereafter, she shall make herself available for deposition. Defendants will then be given a reasonable time to pursue any follow-up discovery necessitated by plaintiff's written discovery responses and/or plaintiff's deposition.

IT IS SO ORDERED.

Dated this 31st day of October, 2006, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

# Wisler Law Offices
## Personal Injury Lawyers
1311 Wakarusa Drive, Suite 2200
Lawrence, Kansas 66049

James L. Wisler                                    (785) 843-4110
jim@wislerlaw.com                                  (785) 840-0424 Fax

**October 23, 2006**

Honorable James P. O'Hara
U.S. Magistrate Judge
U.S. Courthouse,
500 State Avenue, Room 208
Kansas City, Kansas 66101
VIA FACSIMILE (913) 551-6532

Re:     Faith Lehman v Mid America Aviation Services, Inc., et al.,
        Case No. 05-2489-CM

### Plaintiff's Response to Order to Show Cause on
### Assessment of Requested Sanctions and expenses

Dear Judge O'Hara:

On August 16, 2006, plaintiff Faith Lehman called me in response to letters and phone calls I had made to her asking her to complete discovery responses requested by defendant Shannon Curran. On that date plaintiff told me, for the first time, that she had been sick with "female problems" for weeks. Plaintiff has been living in Mesa, Arizona. On that date plaintiff promised to get me her responses by email by August 28. I have not yet received her responses. I have continued to leave messages and send letters to plaintiff, including copies of defendant's Motion to Compel and the court's Orders.

On October 17, 2006, plaintiff answered her phone, stating that she was in her doctor's office with her mother in Mesa. She told me that she had been very sick with endometriosis, damaged kidney, herniated disc and other problems. She told me she would fax the remaining discovery to me on October 18, 2006. I discussed her deposition which was scheduled in Kansas on November 1, 2006. She said she could not travel because of her medical problems. I asked her to send me a report from her doctor and she agreed.

On October 20, 2006, I received a fax from Keturah Volpe RN, MSN, FNP-C of Mission Family Medical Center in Mesa. I attach a copy. It speaks for itself.

I have not at this time received plaintiff's supplemental discovery responses.

EXHIBIT A

In light of plaintiff's severe and incapacitating medical problems and her inability to travel or make legal decisions, I request to court to defer ruling on defendant's request for sanctions and expenses and to extend all deadlines in the case for at least 90 days.

Respectfully submitted,

James L. Wisler

Cc: Faith Lehman
Brenda Head
David Cooper
E. Bernard Hurd
Steve Rosel



# Mission Family Medical Center

1121 S. Gilbert Road, Suite 101 Mesa, Arizona 85204

9061 E. Baseline Road, Suite B-101 Mesa, Arizona 85208

(480) 926-3233          Fax: (480) 926-7425

October 18, 2006

To Whom It May Concern:

I am writing this letter on behalf of Faith Lehmann. Faith is a patient of mine at Mission Family Medical Center in Mesa, Arizona. Faith has been dealing with multiple medical issues for the majority of this year. She has been diagnosed with endometriosis, kidney stones, hematuria, pancreatitis, chronic low back pain, knee pain, bronchitis, pharyngitis, anxiety and diarrhea associated with an intestinal infection. She has been hospitalized multiple times and has had surgeries including a stent placed in her ureter, which resulted in complications and repeated surgeries of this nature. She also had a cholecystectomy with complications. She has had numerous diagnostic procedures including xrays, ct scans, blood work and endoscopic exams. Throughout these ordeals she has had to go to many different specialists and has required numerous follow up visits with a variety of providers. She is seeing a gynecologist, gastroenterologist, urologist, and pain management specialist. She also is required to see me weekly. She has been on high dose narcotic pain medications throughout these ordeals. She is unable to deal with legal issues due to the amount of narcotics she is taking. She is mentally and physically unable to travel due to the complexity of her medical conditions and the high doses of narcotics she is taking to control her pain. She is drowsy from the medication, not always coherent and unable to make legal decisions at this time. She is also unable to travel due to the frequency of diagnostic procedures required and the follow up office visits are medically necessary to continue her medical management and to provide the extensive care she currently requires. She is not able to work; it is essential for her to stay at home and rest when not

OCT 20,2006 16:25 HousingAnswers LLC 4806542449 Page 2



# Mission Family Medical Center

1121 S. Gilbert Road, Suite 101 Mesa, Arizona 85204

9061 E. Baseline Road, Suite B-101 Mesa, Arizona 85208

(480) 926-3233          Fax: (480) 926-7425

involved in medical treatments provided outside of her home. She will not be able to travel at

this time or within the next 60-90 days due to her medical conditions. Please excuse her from all

legal proceedings and legal responses at this time and until she is able to recover from her

various medical conditions. Please feel free to contact me with questions or concerns.

Sincerely,

Keturah Volpe RN, MSN, FNP-C

# Wisler Law Offices
## Personal Injury Lawyers

1311 Wakarusa Drive, Suite 2200
Lawrence, Kansas 66049

James L. Wisler
jim@wislerlaw.com

(785) 843-4110
(785) 840-0424 Fax



| **To:** | Judge James P. O'Hara | **From:** | James L. Wisler |
|---|---|---|---|
| **Fax:** | 913-551-6532 | **Date:** | 10/23/06 |
| **Pages:** | 4   Following Cover | **Operator:** | Tess |

**Urgent  For Review**          **Please Comment**     **Please Reply**          **Please Recycle**

Re:  Faith Lehman v. Mid America Aviation Services, Inc., et al.  Case No.: 05-2489-

CM

IF YOU DO NOT RECEIVE ALL PAGES OF TRANSMISSION, PLEASE CALL 785-843-4110

CONFIDENTIALITY NOTICE:  THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER, WHICH IS LEGALLY PRIVILEGED.  THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) NAMED ABOVE.  IF YOU ARE NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS  STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS TO US.