sel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FAITH LEHMAN, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )   Case No. 05-2489-JAR-JPO |
| MID AMERICA AVIATION | ) |
| SERVICES, INC., | ) |
| DW ENTERPRISES, L.C., | ) |
| SHANNON CURRAN d/b/a | ) |
| FLIGHT MANAGEMENT GROUP, | ) |
| and FLINT HILLS FOOD, L.L.C., | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

**MEMORANDUM AND ORDER GRANTING DEFENDANTS MID AMERICA AVIATION SERVICES, INC., FLINT HILLS FOODS L.L.C. AND DW ENTERPRISES, L.C.'S, MOTIONS TO DISMISS**

The Court now considers defendant Mid America Aviation Services, Inc.'s ("Mid America Aviation") Motion to Dismiss (Doc. 63) and defendants, Flint Hills Foods, L.L.C. and DW Enterprises, L.C.'s, Motion to Dismiss (Doc. 60). Defendant Mid America Aviation seeks dismissal of all four counts set forth in the Complaint (Doc. 1), while defendants Flint Hills Foods and DW Enterprises seek dismissal of Counts I, II and IV only. For the reasons set forth below, the Court grants both motions to dismiss.

**I.     Factual Basis**

Plaintiff alleges in her Complaint that she completed a written application for employment to Mid America Aviation on July 19, 2004, for the position of Administrative

Assistant.[1]  On this same day, plaintiff was interviewed and hired for the position of Administrative Assistant by defendant Shannon Curran, President of Flight Management Group. During the course of plaintiff's employment, she received her paychecks from Mid America Aviation.  Plaintiff's supervisor was defendant Curran.  During the course of her employment, Curran told plaintiff to answer the office telephone and represent the business as DW Enterprises.  Plaintiff quit her employment on August 17, 2004.

Plaintiff alleges that during the course of her employment, Curran subjected her to sexual harassment,

> including specifically, verbal communication of a sexual nature, sexual advances, requests that she participate in non-business functions outside business hours with her supervisor, an invitation to travel with her supervisor to a conference unrelated to her job duties, threats to her employment should she not avail herself of the 'opportunities' being made available to her, promises of financial reward if she fulfilled explicitly stated sexual fantasies of her supervisor, a statement implying she had not been hired because of her job-related skills/abilities, and expectations that she work extremely late hours in isolated locations with only her male supervisor present.[2]

She further alleges that the harassment included

> unwanted sexual statements, unwanted touching, requests for plaintiff to perform acts of a sexual nature with accompanying promises of monetary compensation for plaintiff's agreement to engage in such acts, expectations that duties inconsistent with those of an Administrative Assistant be performed at late night hours, statements acknowledging that plaintiff was not hired for

---

[1]Plaintiff has since "controverted" this statement in a response to a previous motion to dismiss by claiming that "Defendant Shannon Curran told plaintiff that she would be on Mid America Aviation's payroll because it was trying to buy his company out." (Doc. 12 at 1.)  But plaintiff has not sought leave to amend her Complaint.  The Court cannot accept the allegations made in her response.  Instead, the Court will accept as true the factual allegations in her Complaint.  *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[2](Doc. 1 at 3.)

> her skills or abilities related to her job title or duties, and finally, an offer from defendant Mr. Curran to plaintiff Faith Lehman, that plaintiff would be provided a good reference for another job in exchange for her silence related to all aforementioned occurrences.[3]

Plaintiff alleges that she complained directly to Curran about the sexual harassment but she was not provided with information about any other person to whom she could address her complaints of sexual harassment. Plaintiff contends that Curran told plaintiff he was the president of Flight Management Group, an agent and representative of Mid America Aviation, DW Enterprises and Flint Hills Foods.

Plaintiff asserts four claims in this action against defendants Mid America Aviation, DW Enterprises and Flint Hills Foods: (1) hostile work environment sexual harassment under Title VII;[4] (2) quid pro quo sexual harassment under Title VII;[5] (3) intentional infliction of emotional harm under Kansas state law; and (4) negligent infliction of emotional harm under Kansas state law. On August 18, 2006, Mid America Aviation as well as DW Enterprises and Flint Hills Foods filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Docs. 63 and 60, respectively). Plaintiff's response was due twenty-three days later on September 11, 2006.[6] Plaintiff never responded to either motion to dismiss. On October 25, 2006, the magistrate judge assigned to this case held a status conference with the parties. During this conference, the magistrate judge denied plaintiff's oral

---

[3](Doc. 1 at 4.)

[4]42 U.S.C. § 2000e–2000e17.

[5]*Id.*

[6]The local rules allow a party twenty-three days to respond to a motion to dismiss. D. Kan. Rule 6.1(d)(2).

motion to file responses out of time, but instructed plaintiff to file a formal motion with this Court provided that plaintiff's counsel could demonstrate good cause and excusable neglect.[7] To date, plaintiff has not responded to defendants' motions to dismiss nor has she moved to file a response out of time.

The Court has considered whether plaintiff's failure to respond to the motion to dismiss in a timely fashion should result in dismissal of the action. If a party fails to respond within twenty-three days as proscribed by the local rules,[8] that party has waived his right to file a response except upon a showing of excusable neglect.[9] Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[10] Because plaintiff has failed to respond to either motion to dismiss and has failed to make a showing of excusable neglect, the Court grants the motions to dismiss simply based on this failure.[11] However, out of an abundance of caution, the Court has analyzed plaintiff's claims against America Aviation Services, Flint Hills Foods and DW Enterprises and will further discuss whether these claims[12] could also be dismissed for failure to state a claim under the Rule 12(b)(6) standard.

## II.     Rule 12(b)(6) Standard

---

[7]*See* Doc. 75 at 4 n.4.

[8]D. Kan. R. 6.1(d)(2).

[9]D. Kan. R. 7.4.

[10]*Id.*

[11]All four counts alleged in the Complaint against defendant Mid America Aviation Services are dismissed, but only Counts I, II and IV of the Complaint are dismissed as to defendants Flint Hills Foods and DW Enterprises, as those are the only counts of which they have sought dismissal.

[12]All four counts alleged in the Complaint against defendant Mid America Aviation Services are dismissed, but only Counts I, II and IV of the Complaint are dismissed as to defendants Flint Hills Foods and DW Enterprises.

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[13] Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[14] "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[15]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[16] The Court construes the allegations in the light most favorable to the plaintiff.[17] These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[18] "[I]f the facts narrated by the plaintiff 'do not at least outline or adumbrate' a viable claim, his complaint cannot pass Rule 12(b)(6) muster."[19] Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[20]

---

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[15] *Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[16] *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[17] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[18] *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[19] *Mounkes*, 922 F. Supp. at 1506 (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988) (quotation omitted)).

[20] *Id.*

**III.     Analysis**

Defendants Mid America Aviation, Flint Hills Foods and DW Enterprises move for dismissal arguing that: (1) plaintiff's sexual harassment claims fail because they were not plaintiff's "employer" within the meaning of Title VII; and (2) plaintiff's negligent infliction of emotion distress claim fails because plaintiff has not alleged physical injury.  Defendant Mid America Aviation also moves for dismissal arguing that  plaintiff's claim for intentional infliction of emotional distress fails because defendant Mid America Aviation did not engage in extreme and outrageous behavior nor did it owe any duty to plaintiff with respect to her relationship with defendant Curran.

**A.     Title VII Sexual Harassment Claims**

In her first and second claims, plaintiff seeks relief pursuant to Title VII of the Civil Rights Act of 1964.  Title VII prohibits any employer from discriminating on the basis of sex.[21] Defendants argue that plaintiff has failed to state a claim for relief under Title VII because she has failed to allege in her Complaint that any of these defendants were her "employers" within the meaning of Title VII.  Title VII defines "employer" as a person engaged in an industry affecting commerce with fifteen or more employees.[22]  The Supreme Court has recently determined that this threshold requirement for application of Title VII is an element of plaintiff's claim for relief.[23]  Here, plaintiff does not allege in her Complaint that the defendants were "employers" within the meaning of Title VII.  Therefore, she has failed to state a claim for relief

---

[21]42 U.S.C. § 2000e-2(a)(1).

[22]42 U.S.C. § 2000e(b).

[23]*Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006).

under Title VII.

Plaintiff further contends that she "did not know and still does not know who her real employer was at the requisite times."[24] In a response filed previously in this proceeding, plaintiff stated that she did not have the information to determine who her employer was because discovery had not commenced.[25] Plaintiff has had ample opportunity to file a motion for leave to amend her Complaint to allege that each defendant held itself out as her employer or that she believes that one or all of the defendants has fifteen or more employees.[26] Plaintiff has not amended her Complaint to allege such facts, and the deadline for amending the pleadings expired on August 4, 2006.[27] Therefore, because plaintiff does not allege in her Complaint that the defendants are "employers" within the meaning of Title VII, plaintiff has failed to state a claim for relief under Title VII, and defendants' motions to dismiss these claims are granted.

### B.   Negligent Infliction of Emotional Distress

Defendants argue that plaintiff's claim for negligent infliction of emotional distress must be dismissed because she has failed to allege that she suffered physical injury. Under Kansas law, "there can be no recovery for emotional distress suffered by the plaintiff which is caused by the negligence of the defendant unless it is accompanied by or results in physical injury to the

---

[24] (Doc. 1 at 4.)

[25] (Doc. 12 at 4.)

[26] In fact, plaintiff has been on notice that she could apply to the Court for an opportunity to cure her pleading deficiencies. In an order granting in part and denying in part defendant Curran's motion to dismiss, this Court dismissed plaintiff's Title VII claims against defendant Curran for failure to state a claim. (Doc. 38 at 7.) However, the Court dismissed the claims without prejudice, allowing plaintiff the opportunity to file a motion to amend her Complaint. (*Id*.) To date, plaintiff has not sought leave to amend her Complaint.

[27] (Doc. 43 at 3, 8.)

plaintiff."[28] In a previously filed response, plaintiff conceded that Kansas law requires physical injury to recover under a claim of negligent infliction of emotional distress and that plaintiff has had no physical injury as the result of defendants' actions.[29] Therefore, because plaintiff has suffered no physical injury, plaintiff has failed to state a claim for negligent infliction of emotional distress. Accordingly, defendants' motions to dismiss these claims are granted.

### C. Intentional Infliction of Emotional Distress

Defendant Mid America Aviation also argues that plaintiff's claim for intentional infliction of emotional distress fails because defendant Mid America Aviation did not engage in extreme and outrageous behavior nor did it owe any duty to plaintiff. Under Kansas law, a claim for intentional infliction of emotional distress requires: "(1) the conduct of defendant must be intentional or in reckless disregard of plaintiff; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between defendant's conduct and plaintiff's mental distress; and (4) plaintiff's mental distress must be extreme and severe."[30] In this case, plaintiff alleges that "defendants" harassed her with "extreme and outrageous conduct of a sexual nature" which caused plaintiff to suffer psychological and emotional distress.[31] Therefore, the allegations in plaintiff's Complaint are sufficient to state a claim for this tort.

Nevertheless, because plaintiff has neither filed a response to defendant Mid America Aviation's Motion to Dismiss within the requisite twenty-three days nor provided a showing of

---

[28]*Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983).

[29](Doc. 12 at 7.)

[30]*Roberts v. Saylor*, 637 P.2d 1175, 1179 (Kan. 1981).

[31](Doc. 1 at 6–7.)

excusable neglect, the motion to dismiss "will be considered and decided as an uncontested motion."[32] Although plaintiff's claim against Mid America Aviation is sufficient under the Rule 12(b)(6) standard, because plaintiff has failed to respond to the Motions to Dismiss, this Court grants Mid America Aviation's motion to dismiss plaintiff's claim for intentional infliction of emotional distress.

## IV.     Conclusion

The Court grants both defendant Mid America Aviation's and defendant Flint Hills Foods and DW Enterprises' Motions to Dismiss. The Court finds that plaintiff has failed to state a claim for relief under Title VII, has failed to state a claim for negligent infliction of emotional distress, and although plaintiff has sufficiently alleged a claim for intentional infliction of emotional distress, this claim against Mid America Aviation will be dismissed as uncontested due to plaintiff's failure to respond. All four counts alleged in the Complaint against Mid America Aviation are dismissed, yet because defendants Flint Hills Foods and DW Enterprises sought dismissal of only Counts I, II and IV of the Complaint, only these counts are dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Mid America Aviation's Motion to Dismiss (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that defendants Flint Hills Foods and DW Enterprises' Motion to Dismiss (Doc. 60) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this  24th  day of January, 2007.

---

[32] D. Kan. R. 7.4.

  S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

Memorandum and Order Granting Defendants Mid America Aviation Services, Inc., Flint Hills Foods, L.L.C. and DW Enterprises, L.C's Motions to Dismiss, *Lehman v. Mid America Aviation Services, Inc., et al.*, No. 05-2489.