IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FAITH LEHMAN,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>) Case No. 05-2489-JAR<br>**MID AMERICA AVIATION** )<br>**SERVICES, INC.,** )<br>**DW ENTERPRISES, L.C.,** )<br>**SHANNON CURRAN d/b/a** )<br>**FLIGHT MANAGEMENT GROUP,** )<br>**and FLINT HILLS FOOD, L.L.C.,** )<br>)<br>**Defendants.** )<br>_____ ) | |

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE, SUBJECT TO CONDITIONS

The Court now considers plaintiff Faith Lehman's Motion to Dismiss without Prejudice (Doc. 79). Plaintiff states that she has moved to Arizona and that medical problems have hindered her ability to prosecute this case. Defendants DW Enterprise, LC, Flint Hills Foods, Inc., and Shannon Curran[1] filed a response (Doc. 83) not opposing dismissal without prejudice, so long as the dismissal is subject to certain conditions.

The Court has reviewed the file and submissions and finds that dismissal without prejudice is not appropriate unless the dismissal is subject to conditions. This case was filed in

---

[1] On January 24, 2007, this Court entered a memorandum order (Doc. 78) granting the motions to dismiss of defendants Mid America Aviation Services, Inc., Flint Hills Foods LLC and DW Enterprises L.C. All four counts against Mid American Aviation were dismissed. But only Counts I, II and IV against Flint Hills Foods LLC and DW Enterprises were dismissed, leaving a claim of intentional infliction of emotional distress against these defendants. On June 26, 2006 this Court entered an order (Doc. 38) granting in part defendant Curran's motion to dismiss, leaving a claim of intentional infliction of emotional distress against defendant Curran, as well.

November 2005.  Defendant Curran filed a motion to dismiss in January 2006.  On March 22, 2006, Magistrate Judge O'Hara issued an Order to Show Cause (Doc. 15) why the case should not be dismissed for lack of prosecution.  Plaintiff filed a timely response; and the case was not dismissed  Thereafter, Judge O'Hara entered a scheduling order, setting discovery and other deadlines.  The defendants proceeded with discovery in this matter. On September 25, 2006, defendant Curran filed a motion to compel (Doc. 66) plaintiff to answer interrogatories and requests for production.  Defendant Curran also requested fees and expenses incurred as a result of plaintiff's failure to provide such disclosures and answers.  Judge O'Hara granted defendant Curran's motion to compel, directing Curran to file an affidavit setting forth the time and related expenses incurred.  Judge O'Hara further directed plaintiff to show cause by October 23, 2006 why the requested sanctions and related expenses should not be assessed against her.   Plaintiff filled an objection to the requested sanctions and expenses.

Given this procedural history, the conditions requested by the defendants are well taken, and the Court will dismiss without prejudice subject to those conditions.  Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff 's Motion to Dismiss **(Doc. 79)** without prejudice is **GRANTED SUBJECT TO THESE CONDITIONS:**

1. In the event this action is re-filed, it shall be re-filed in this Court.
2. The re-filed action, if any, shall be assigned to the same district judge and magistrate judge.
3. The re-filed action shall revert to the status that existed on the date of the status conference conducted on February 1, 2007, and as reflected in the Amended Scheduling Order (Doc. 82), including the following:

A.   Claims previously dismissed in this action are not to be included in any re-filed action;

B.   Discovery from the present action may be used in the re-filed action;

C.   Only defendants Curran, Flint Hills and DW Enterprises shall be permitted to conduct further discovery, as plaintiff failed to timely file a motion to reopen discovery as required by paragraph (h) on page 9 of the court's October 31, 2006 order (Doc. 75);

D.   Defendants shall have 30 days following service of process in any re-filed action in which to file motions to compel as relates to discovery responses served January 31, 2007, or as relates to requests for medical authorization or other outstanding discovery requests by defendants to plaintiff; and

E.   A scheduling order will be entered following consultation between the parties and conducting a conference with the court establishing deadlines for plaintiff's deposition, relevant follow-up discovery by defendants, and discovery of plaintiff's pertinent medical providers and medical condition.

**IT IS SO ORDERED**.

Dated this  13th  day of March, 2007.

   S/ Julie A. Robinson
Julie A. Robinson
United States District Judge